UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-cv-00002-MOC-SCR

| | | |
|---|---|---|
| **TRIBIKE TRANSPORT LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **HORIZON ENTERTAINMENT CARGO** | ) | |
| **CORPORATION** | ) | |
| **ALEX KNOWLES** | ) | |
| **HORIZON ENTERTAINMENT, LLC** | ) | |
| **INTELLIGENT SCM, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants Horizon Entertainment Cargo Corporation and Horizon Entertainment, LLC's motion to dismiss (Doc. No. 18); Defendant Alex Knowles' motion to dismiss (Doc. No. 20); Defendants Intelligent SCM, LLC ("iSCM") and Alex Knowles' motion to change venue (Doc. No. 24); and Plaintiff's motion for jurisdictional discovery (Doc. No. 31). Upon careful review of the pleadings, the Court will grant Plaintiff's motion for jurisdictional discovery and reserve decision on Defendants' motions to dismiss and change venue.

## I.    Background

Plaintiff Tribike Transport LLC ("Tribike") is a North Carolina corporation with its principal place of business in this state. Tribike is in the bicycle shipping business. More specifically, Tribike manages the transport of high-end cycles to races around the world. This lawsuit stems from Tribike's 2023 agreement to transport bicycles to and from an event in Spain.

The 2023 agreement originated from correspondence between Tribike and John

Greenstreet, CEO of Defendant Horizon Entertainment Cargo Corporation ("Horizon Cargo"). Tribike sought first to obtain a quote, and subsequently to secure transport of the bicycles to and from Spain. Tribike has apparently worked with Mr. Greenstreet and Horizon Cargo (a Georgia corporation that maintains its principal place of business in Tennessee) since at least 2019. Horizon Cargo's correspondence with Tribike pertaining to the 2023 contract originated from Mr. Greenstreet and a co-worker's Horizon Cargo email addresses, which they have apparently used since 2013. Those emails did indicate that Horizon Cargo was "[a]n iSCM Company," but did not elaborate further on that relationship. Additionally, Mr. Greenstreet's email signature block included a Tennessee address. Therefore, Tribike pleads, it assumed it was contracting with Horizon Cargo regarding the transport of the bicycles to and from Spain.

The bicycles apparently reached Spain without incident. Upon the cycles' return to the United States, Tribike was to collect them from a warehouse in Charlotte, North Carolina, for subsequent delivery to their individual owners. At the time of the scheduled pick-up, however, Tribike was delinquent on several invoices from Horizon Cargo. Mr. Greenstreet informed Tribike that Tribike would not be permitted to take possession of the cycles until paying the outstanding invoices. After negotiations failed, Tribike sued Horizon Cargo in North Carolina State Court and in November 2023 obtained a temporary restraining order allowing Tribike to take possession of the bicycles. When Tribike attempted to follow through on the restraining order, however, it found that the cycles had been shipped to Illinois, care of Defendant Horizon Entertainment, LLC ("Horizon Entertainment"). Horizon Entertainment is an Illinois corporation with its principal place of business in that state. Like Horizon Cargo, Horizon Entertainment is owned by Mr. Greenstreet.

Meanwhile, Defendant iSCM—purporting to be the company Tribike contracted with in

January and February 2023 for transport of bicycles to and from Spain—sued Tribike in California State Court to collect on the delinquent invoices. Tribike consequentially amended its complaint in the North Carolina litigation, adding Defendants Horizon Entertainment, iSCM, and Alex Knowles (a California domiciliary who is the manager and majority owner of iSCM), and including an unfair and deceptive trade practices act claim under N.C. GEN. STAT § 75-1.1. iSCM is a New Jersey corporation with its principal place of business in Los Angeles County, California. Defendant Knowles contends that—though the North Carolina Court's restraining order was directed neither to him nor iSCM, since they were not yet named parties in that action—Knowles was responsible for moving the bicycles from North Carolina to Illinois to avoid the effect of that order.

Tribike acknowledges that some of the invoices related to the contract in question included iSCM's California address. The parties dispute, however, whether iSCM was identified on all or only some of the relevant invoices, and how prominently iSCM's address was displayed thereon. Defendant Knowles has produced invoices including iSCM's California address at the top of the invoice, identifying iSCM as a payee, and including a forum selection clause designating Los Angeles, California, as the proper forum to bring disputes.

Defendant Horizon Cargo, in support of its motion to dismiss, emphasizes that Horizon Cargo ceased operations in 2020 and is no longer a registered freight forwarder. In fact, in 2020 Horizon Cargo allegedly transferred all its business to iSCM, and Mr. Greenstreet became an iSCM employee. iSCM subsequently filed a Fictitious Business Name Statement in Los Angeles, enabling iSCM to conduct business under the moniker "Horizon Entertainment Cargo." Mr. Greenstreet purports to be the sole owner of both Horizon Cargo and Horizon Entertainment.

Tribike contends that their history of dealings with Horizon Cargo, especially in light of

the complex (in fact, still unclear) corporate relationship between Horizon Cargo, Horizon Entertainment, and iSCM, justify this Court's exercise of personal jurisdiction over all named Defendants. Horizon Cargo and Horizon Entertainment, however, respond that Tribike should have known it was contracting with iSCM all along, and that the Court lacks personal jurisdiction over the Horizon defendants. Defendant Knowles likewise filed a motion to dismiss for lack of personal jurisdiction, and in the alternative to transfer venue. Defendant iSCM moves to transfer venue to the Central District of California. Tribike requests that the Court permit jurisdictional discovery before ruling on Defendants' various motions.

## II. Legal Standard

### a. Defendants' Motions to Dismiss for Lack of Personal Jurisdiction

Defendants Horizon Cargo, Horizon Entertainment, iSCM, and Knowles all move to dismiss Plaintiff Tribike's complaint for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2). To survive a 12(b)(2) motion, the party asserting jurisdiction (here, Tribike) bears the burden of establishing a prima facie case of personal jurisdiction over the Defendant by a preponderance of the evidence. Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 226 (4th Cir. 2019); Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). Assessing a 12(b)(2) motion, the Court must resolve all questions of fact and draw all reasonable inferences in favor of the party asserting jurisdiction. Universal Leather, 773 F.3d at 560; Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

North Carolina's long arm statute, N.C. GEN. STAT. § 1-75.4, governs North Carolina federal courts' jurisdiction over out-of-state defendants. See FED. R. CIV. P. 4(k)(1)(a). That statute's application is, in turn, bounded by the Due Process Clause of the Federal Constitution.

4

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011). Because North Carolina's long arm statute is coterminous with the Due Process Clause, what would otherwise be a two-step analysis reduces to a single question: whether the defendant challenging the Court's personal jurisdiction has "minimal contacts" with North Carolina such that being haled into court would accord with traditional notions of fair play and substantial justice. See Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Where a party "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," the minimal contacts test is satisfied, and that party is within the personal jurisdiction of a federal court sitting in the forum state. Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Tribike contends that this Court has specific (as opposed to general) personal jurisdiction over all named Defendants. Thus, Tribike bears the burden to show that (1) Defendants purposely availed themselves of the privilege of "conducting activities in" North Carolina, (2) that Tribike's claims arise from Defendants' activities directed toward this state, and (3) that this Court's exercise of specific personal jurisdiction would be reasonable as to each Defendant. ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). This is not a balancing test: Tribike must make a prima facie showing as to all three factors.

### b. Defendants' Motions to Transfer Venue

A district court has discretion to transfer any civil action—like this one—to any district court where it could have been brought or to which all parties have consented. 28 U.S.C. § 1404(a). The party moving for transfer bears the burden to show that transfer is in the interest of justice or convenience. See Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F.

Supp. 93, 95 (W.D.N.C. 1990). The Court's discretion is guided by several factors, such as those articulated in Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

### c.  Plaintiff's Motion for Jurisdictional Discovery

This Court has discretion to permit or deny jurisdictional discovery. Base Metal Trading, Ltd. V. OJSC "Nowvokuznetsky Aluminum Factor," 283 F.3d 208, 216 n.3 (4th Cir. 2002). Ordinarily, though, a court should permit such discovery where it is necessary for a Plaintiff to meet Defendants' challenges to the court's personal jurisdiction. Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988). Especially where—as here—"jurisdictional facts are intertwined with the facts central to the merits of the dispute," jurisdictional discovery is warranted. See Kerns v. United States, 585 F.3d 187, 193 (2009).

### III.   Discussion

The Court will, in its discretion, grant Plaintiff's motion (Doc. No. 31) and order jurisdictional discovery in this matter. Such discovery is necessary for Plaintiff to meet Defendants' challenges to this Court's specific personal jurisdiction, challenges that run to facts central to the merits of Plaintiff's claims. The Court will wait until after discovery is complete to resolve any remaining factual disputes relevant to Defendants' motions to dismiss and transfer venue.

### IV.   Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion for jurisdictional discovery (Doc. No. 31) and forego ruling on Defendants' motions to dismiss and transfer until after discovery is complete. After the close of jurisdictional discovery, the parties may supplement their motions to dismiss and transfer, as well as their replies and responses thereto.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for jurisdictional discovery (Doc. No. 31) is **GRANTED**.

**IT IS, FURTHER, ORDERED** that Tribike **MAY** take four fact depositions (including Rule 30(b)(6) depositions) and serve up to twelve (12) interrogatories, twelve (12) requests for production, and twelve (12) requests for admission on each Defendant. Tribike **SHALL** serve jurisdictional discovery on Defendants within 30 days of the entry of this order, and Defendants **SHALL** respond within 60 days of service. **JURISDICTIONAL DISCOVERY SHALL, THEREFORE, CLOSE** no more than 90 days from the entry of this order.

The Court will forego ruling on Defendants' motions to dismiss and transfer pending the close of jurisdictional discovery. Following the close of jurisdictional discovery, the parties **SHALL** have 30 days to supplement their motions to dismiss and transfer, and responses and replies thereto. Such supplements **SHALL** be limited to half the page length of the original filing.

**SO ORDERED**.

Signed: August 5, 2024

Max O. Cogburn Jr
United States District Judge